**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JASON SANDERS,

        Plaintiff,

v.                                    CIVIL ACTION NO. 3:25-00305

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION,
JOHN AND JANE DOES, unknown employees
or agents of the above entity,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss Plaintiff's Complaint (ECF 12) and Motion to Stay Pending Resolution of Its Motion to Dismiss (ECF 16). For the reasons stated below, the Court **GRANTS** the Motion to Dismiss and **DENIES as moot** the Motion to Stay.

**BACKGROUND**

The Complaint in this case alleges that, after Plaintiff Jason Sanders was arrested and placed in Western Regional Jail, two correctional officers beat Plaintiff without provocation. *See* ECF 1, Compl. ¶¶ 10–34. Plaintiff then filed this action against the correctional officers and their employer—the West Virginia Division of Corrections and Rehabilitation ("WVDCR"). *See id.* ¶¶ 2–3.

The WVDCR now asks the Court to dismiss the claims against it pursuant to Federal Rules

of Procedure 12(b)(1) and 12(b)(6), arguing, among other things, that it is entitled to sovereign

immunity under the Eleventh Amendment of the United States Constitution.[1] *See* ECF 13 at 1.

## ANALYSIS

The Eleventh Amendment generally bars an individual from suing a state or a state agency

in federal court. *See Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir.

1996). There are, however, three exceptions to this rule:

> "First, Congress may abrogate the States' Eleventh Amendment immunity when it
> both unequivocally intends to do so and acts pursuant to a valid grant of
> constitutional authority." Second, the *Ex Parte Young* exception applies to a suit
> against a state official acting in violation of federal law. Third, a state may waive
> its Eleventh Amendment immunity.

*Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 746 n.2 (4th Cir. 2018) (internal citations

omitted) (quoting *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.2d 244, 240 (4th Cir.

2012)) (cleaned up).

The WVDCR asserts that it is entitled to Eleventh Amendment immunity because it is a

state agency. *See* ECF 13 at 3–4. While Plaintiff signals his disagreement, *see* ECF 14 at 3, he

neither contests that the WVDCR is an arm of the state nor argues that any of the exceptions to

immunity apply to his claims against the WVDCR. He merely points out that the *Ex Parte Young*

exception applies to his claims against Defendants John and Jane Does. *See id.* at 5. Since this has

no bearing on the WVDCR's immunity, the Court will grant Defendant's Motion to Dismiss.

---

[1] "[T]he Fourth Circuit has not yet resolved whether a motion to dismiss based on sovereign immunity is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6)." *A. M. v. Demetro*, No. 2:22-00421, 2024 WL 218139, at *1 (S.D. W. Va. Jan. 19, 2024). This is of no consequence here, as Plaintiff's claims against the WVDCR must be dismissed regardless of whether the Court considers the WVDCR's Eleventh Amendment challenge under Rule 12(b)(1) or Rule 12(b)(6).

**CONCLUSION**

Since the WVDCR is entitled to sovereign immunity under the Eleventh Amendment, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF 12) and **DENIES as moot** its Motion to Stay Pending Resolution of Its Motion to Dismiss (ECF 16).

Since the only remaining defendants have not been identified, the Court **DIRECTS** Plaintiff to file a pleading **on or before November 14, 2025** explaining whether he intends to pursue his action against these defendants.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        October 30, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

3