**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JASON SANDERS,

                Plaintiff,

v.                                            CIVIL ACTION NO. 3:25-0305

DEFENDANT CAPTAIN GRAHAM
(employee of the WVDCR),

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF 34). The Motion argues "Plaintiff's claims against the Defendant should be dismissed because Plaintiff's original Complaint was untimely and Plaintiff failed to timely serve the Defendant without good cause for an extension to do so." ECF 34, at 1. For the reasons stated below, the Court **GRANTS** the Motion. Because the Court concludes Plaintiff's suit is time-barred, the Court declines to address whether Plaintiff untimely served Defendant.

**BACKGROUND**

Plaintiff's Amended Complaint alleges that, on or before April 9, 2023, two corrections officers beat him without provocation. *See* ECF 23, Amend. Compl. §§ 8, 28–31.

On August 25, 2023, Plaintiff's counsel sent a letter to the West Virginia Division of Corrections and Rehabilitation (WVDCR) indicating that Plaintiff intended to sue. *See* ECF 35, Def.'s Mem. 5. Plaintiff's counsel sent another letter on April 7, 2025. *See id.* at 8 n.3.

On May 7, 2025, Plaintiff filed his original Complaint, which named the WVDCR and John and Jane Does as defendants. *See* ECF 1. The WVDCR filed a Motion to Dismiss, *see* ECF 12, which the Court granted, *see* ECF 19, at 1.

The Court directed Plaintiff to file a pleading explaining whether he still intended to pursue his claims against the remaining defendants. *See id.* at 3. In response, Plaintiff filed a Motion for Leave to Amend Complaint. *See* ECF 20. The Court granted the Motion. *See* ECF 21.

The Amended Complaint names John "Cornbread" Doe and Captain Graham as defendants. *See* Amend. Compl. 1. After Plaintiff failed to serve the defendants within the time mandated by Federal Rule of Civil Procedure 4(m), the Court ordered Plaintiff to show cause why it should not dismiss his case. *See* ECF 25, at 2. Plaintiff responded by serving Defendant Graham, *see* ECF 31, and moving to voluntarily dismiss Defendant Doe, *see* ECF 30, at 2. The Court granted the Motion. *See* ECF 33. Defendant Graham then filed his Motion to Dismiss.

## LEGAL STANDARD

"[T]he defense of limitations is ordinarily not considered in the context of a motion to dismiss." *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 964 (D. Md. 2019). "However, 'when it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss.'" *Id.* (quoting *Miller v. Pac. Shore Funding*, 224 F. Supp 2d 977, 985 (D. Md. 2002), *aff'd*, 92 F. App'x 933 (4th Cir. 2004)). To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ANALYSIS

Plaintiff does not dispute that the statute of limitations applicable to his claims is two years. *See* Def.'s Mem. 5. Nor does he dispute that the statute of limitations began to run on April 9, 2023, at the latest. *See id.* at 7. But he argues his action is not time-barred because he sent a pre-suit notice letter to the WVDCR on April 7, 2025. *See* ECF 36, Pl.'s Resp. 5.

West Virginia Code § 55-17-3 (2022) provides that: "at least 30 days prior to the institution of an action against a governmental agency, the complaining party or parties shall provide the chief officer of the governmental agency and the Attorney General written notice . . . of the alleged claim and the relief desired." Section § 55-17-2 defines "action" as "a proceeding instituted against a governmental agency in a circuit court or in the Supreme Court of Appeals . . . ." When a plaintiff provides written notice pursuant to § 55-17-3, "any applicable statute of limitations is tolled for 30 days . . . ." W. Va. Code § 55-17-3(a)(2).

In *Tilley v. Pierson*, Judge Goodwin concluded that § 55-17-3's tolling provision "does not apply to actions filed in federal court." 809 F. Supp. 3d 427, 439 (S.D. W. Va. 2025). The Court finds *Tilley* persuasive. Section 55-17-3 only applies to proceedings "in a circuit court or in the Supreme Court of Appeals . . . ." *See Durstein v. Alexander*, CIV. A. NO. 3:19-0029, 2019 WL 6833858, at *6 (S.D. W. Va. Dec. 13, 2019). Accordingly, Plaintiff had until April 9, 2025 to file his complaint. He failed to do so, so the Court will dismiss his case.

## CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF 34). The Court **DISMISSES** Plaintiff's case **with prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

-4-

ENTER:        April 21, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE